UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :     1:16-cr-00346-PAC |
| - against - | : |
| | :     **ORDER** |
| THOMAS SPROLLING, | : |
|      Defendant. | : |

------------------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

       Thomas Sprolling ("Defendant," "Sprolling") is an inmate at U.S.P. Hazelton who moves *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A) during the COVID-19 pandemic.  The motion is denied without prejudice as premature.[1]  *See* 18 U.S.C. § 3582(c)(1)(A) (stating that a court may reduce a prison term after the defendant has "fully exhausted all administrative rights to appeal a failure" of the Bureau of Prisons ("BOP") to bring such a motion on his behalf, "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.").  As the Government submits that the BOP has no record

---

[1]     The Defendant writes that he suffers from chronic asthma, and that if he contracts COVID-19 it could prove "fatal."  Dkt. 25, at 1.  This Order makes no finding regarding whether "extraordinary and compelling reasons" for a sentence reduction may exist in Sprolling's case, nor does it otherwise rule on the merits of a properly submitted compassionate release motion for the Defendant.

       A complete motion for compassionate release can only be ripe for decision by the Court after the Defendant has requested release from the warden of his facility.  18 U.S.C. § 3582(c)(1)(A).  After that, the Defendant should include in his renewed motion to the Court the date he made his request to the warden at FCI Fort Dix, an explanation of his health conditions and the state of infections at his facility, and information on the amount of time left on his sentence and the rehabilitative efforts he has made if any while incarcerated.

that Sprolling made any such request to the warden of his facility, Dkt. 26, at 1, the motion is denied as premature and without prejudice to its renewal after exhausting his administrative remedies.  The Court reaches no conclusions and makes no legal or factual findings with respect to the grounds Sprolling offers to justify compassionate release.  Sprolling may renew his motion after submitting a request for compassionate release to his warden.

Dated: New York, New York  
      August 19, 2020

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge